LEXINGTON, LOUISVILLE & CINCINNATI R. CO. *v.* GEORGE A. CASTLEMAN.

.Cost Bonds—Non-Resident Plaintiffs.

The failure of a defendant to move to dismiss because no cost bond is filed amounts to a waiver of the right he has to have the action dismissed.

APPEAL FROM FAYETTE CIRCUIT COURT.

November 24, 1875.

OPINION BY JUDGE LINDSAY:

The failure of a non-resident plaintiff to execute a bond for costs at the time he institutes his action, cannot be taken advantage of by being pleaded as matter in abatement. We do not doubt that a statement in the answer of the fact of the non-residency, and of the failure to execute the bond, may be made the foundation of a motion to dismiss the action. But in this case no such motion was made, and we are constrained to hold that the failure to make the motion to dismiss amounted to a waiver of the right secured to defendant litigants by Sec. 5, Chap. 26, General Statutes.

The original answer does not show that the receiver of the railroad company was appointed by the Louisville Chancery Court, prior to the time the moneys in the hands of the garnishee were

earned. If he was not, it is plain the title to these moneys did not, and could not pass to him in virtue of his subsequent appointment. The facts that Monroe was the agent of the railroad company, and that his possession was that of his principal, amounts to nothing in a case of this character. Upon a proceeding to enforce a judgment after a return of no property found, moneys in the possession of the debtor himself can be reached.

The averment in the amended answer that the mortgage to Douglas covers the earnings and profits of the defendant railroad, is but the averment of a conclusion of law. The stipulations contained in the mortgage are not set out in the answer, and no copy thereof was filed with it.

Neither the answers of the company nor the response of the garnishee show title in either the receiver or the mortgagee, and we are therefore of opinion that the court below did not err in applying the attached property to the satisfaction of appellee's judgment.

Judgment *affirmed.*

*Morton & Parker,* for *appellant.*
*Smith & Shelby,* for *appellee.*